[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiffs appeal from a decision of the Tiverton Zoning Board of Review given orally at the hearing May 8, 1991 and filed May 14, 1991. The appeal was filed here June 3, 1991.
Defendant Fisher filed his answer and set forth the affirmative defense of untimely filing of the appeal. Plaintiffs subsequently moved for remand and reconsideration, grounding the motion on refusal of the board to continue the hearing on May 8th, as requested there, and by written motion filed with the board earlier on that afternoon. Before the Court are the certified record and memoranda of counsel.
The motion to dismiss should be and hereby is denied. Defendants' argument that the appeal, docketed June 3, 1991 at 2:01 P.M. was not within twenty days of the filing of the decision on May 14, 1991 at 8:31 A.M. is specious.
R.C.P. 6 (a) excludes the day of the act, event or default from the twenty day period applicable here. And that rule merely restates R.I.G.L. 1956, § 43-3-13, as amended, which has been on the books since at least 1896, and which says that when time is to be reckoned, from any day, date or act, that day is not to be included in the computation. The appeal here was timely.
Order to enter.
Addressing the motion to remand, the record shows that notice to abutters was by letter dated April 22, 1991 for the May 8th hearing. The advertised notice does not bear a date, but counsel was billed for the advertising, already done, on April 29th. At the hearing counsel for the plaintiffs here, remonstrants there, repeated his earlier in the day request for a continuance, grounding it on the assertion that he had been retained only that morning by the remonstrants and consequently had no time to prepare. The applicants were there with professional witnesses and others. The board sustained their objection to the request for continuance, and the Court holds properly so. It was no abuse of discretion to deny the request where the remonstrants had probably two weeks or more in which to engage counsel, but waited until the day of hearing to do so. And, under circumstances here present, the Court has no authority to order a remand. See RogerWilliams College v. Gallison, Jr., et al, 572 A.2d 62 (R.I. 1990).
The motion to remand should be and hereby is denied. Order to enter.
It is further ordered that plaintiffs hand their memorandum to the Court on or before January 6, 1993 and defendants within thirty days thereafter.